IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASSANDRA COLLINS,
      Plaintiff,

                                    Case No. 4:99CV 483RH

v.

W.A. WOODHAM, individually and in his official
capacity as Sheriff of Gadsden County, Florida;
ALVAN PICKELS, individually and in his supervisory
capacity as Jail Administrator; and ROOSEVELT
BAKER, individually; and BOARD OF COUNTY
COMMISIONERS OF GADSDEN COUNTY;
      Defendants.

## AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, sues Defendants and says as follows:

### JURISDICTION

1.  Plaintiff CASSANDRA COLLINS is a citizen of the United States and a resident of the State of Florida. Plaintiff was a resident of Leon County, Florida, at all times material hereto.

2.  Defendant W.A. WOODHAM was, at all times material hereto, Sheriff of Gadsden County, Florida, and was the ultimate policymaker for the Office of Sheriff and for Jail employees. Defendants ALVAN PICKELS and ROOSEVELT BAKER were, at all times relevant hereto, employees of the Sheriff of Gadsden County, Florida. Defendant PICKELS was the Sheriff's agent and authorized policymaker in behalf of the county and Sheriff for deputies working at the county jail. At all times material hereto, Defendants were acting within the course and scope of their employment.

3. Defendant Board of County Commissioners of Gadsden County ("Gadsden County" or "the County") is a local governmental entity which is the subdivision of the State of Florida charged, under the constitution and laws of the State, with governance of Gadsden County, Florida. The Board of County Commissioners approves the budget of the Sheriff and otherwise exercises authority over that office.

4. This is an action for damages under the provisions of 42 U.S.C. § 1983 and 42 U.S.C. § 13981. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff requests this Court exercise supplemental jurisdiction over state law counts pursuant to 28 U.S.C. § 1367.

5. As to the state law counts, notice of the Claim was served in compliance with section 768.28, Florida Statutes and all other conditions precedent have been fulfilled.

GENERAL ALLEGATIONS

6. Plaintiff re-alleges the allegations of paragraphs 1-4 above, incorporates those allegations herein, and further alleges as follows:

7. Plaintiff CASSANDRA COLLINS was at the time relevant to this complaint an inmate of the Gadsden County Jail, which is administered by the Sheriff of Gadsden County.

8. On November 17, 1995, Plaintiff CASSANDRA COLLINS was sentenced to a sentence of six months in jail for passing bad checks. At that time she had already served one month.

9. Around the first of December, Plaintiff CASSANDRA COLLINS sought to be placed on a work furlough program so she could care for her two daughters. Jail Captain, Defendant

2

BAKER, told COLLINS he had arranged a furlough program wherein she could work in the jail laundry during the day and care for her daughters at night.

10. On or about December 10, 1995, Plaintiff CASSANDRA COLLINS appeared at the Gadsden County Jail with a new haircut. Defendant BAKER became angry and stated, "Why did you cut your hair? You belong to me!" Defendant BAKER subsequently asked COLLINS if she didn't think COLLINS should "show some appreciation" for what he had done for her.

11. Plaintiff, CASSANDRA COLLINS, thinking that Defendant BAKER was referring to payment of money, made a money order out to Defendant BAKER for $300, which money order Defendant BAKER cashed the same day. When Plaintiff CASSANDRA COLLINS asked Defendant BAKER whether that was enough, Defendant BAKER replied, "for now."

12. On or about December 12, 1995, at Defendant BAKER'S instruction, Plaintiff CASSANDRA COLLINS opened a separate savings account with five thousand dollars, withdrawing various amounts in cash, which she paid to Defendant BAKER, in one-hundred dollar bills and fifty dollar bills, from that time until shortly before Christmas when the account was exhausted.

13. On December 24, 1995, Defendant BAKER told Plaintiff CASSANDRA COLLINS he needed her to come into the jail laundry to do some work that would result in shortening her time in jail. Since COLLINS' daughters were spending Christmas Eve with their father, COLLINS agreed. Defendant BAKER told Plaintiff CASSANDRA COLLINS to meet him at the Gadsden Community Hospital parking lot to get the key. He then convinced COLLINS to ride with him to the jail, saying he had some paperwork to do there. Defendant BAKER stopped at Madry Funeral Home where he was employed part-time, parked, and demanded

oral sex, pointedly displaying his handgun and groping COLLINS' breasts. Plaintiff COLLINS managed to escape from the car. Defendant BAKER drove after COLLINS and agreed to take her back to her car and let her go home.

14. Subsequently, Defendant BAKER appeared at Plaintiff CASSANDRA COLLINS' home in the early hours of the morning, driving a hearse, knocked on her door and when she looked through the window, BAKER pointed at the hearse. Shortly afterward, BAKER called COLLINS on the phone and said, "If you tell anyone, that's where you'll be. Remember where I work."

15. On or about January 8, 1996, Collins made a down-payment on a used car at the insistence of Defendant BAKER who explained that he didn't want anyone else driving COLLINS to the jail or picking her up. The car subsequently broke down and was taken to the repair shop.

16. On January 19, 1996, while Plaintiff, CASSANDRA COLLINS, worked at the laundry, Lieutenant Joseph Hall, who was subordinate to BAKER, told COLLINS that her car was ready and that he "had permission" to take COLLINS to pick it up. Hall drove toward Tallahassee via Interstate 10, and enroute, received a call on his cellular phone. Hall said, "I don't see you . . . Oh, now I see you." Hall then pulled over to the side of the Interstate and told COLLINS Defendant BAKER gave him something else to do and that BAKER would take her to get her car. COLLINS asked BAKER not to try anything. BAKER told COLLINS to shut up and buckle up; that he had to go back to the jail to get some paperwork. On the way, BAKER turned down a side road and drove to a small cemetery. There, BAKER told COLLINS it was time to show her appreciation and forcibly raped COLLINS, again, exhibiting his handgun in a way that placed COLLINS in fear and restrained her from flight.

17. Defendant MAJOR ALVIN PICKELS, Jail Administrator, knew Defendant BAKER'S
    reputation for sexual aggression toward women, since BAKER'S harassing and assaultive
    behavior toward young female corrections officers who worked for PICKELS was reported to
    him by one or more persons and BAKER'S tendency toward sexual aggression was generally
    well known at the Gadsden County Jail. Although other victims of Defendant BAKER's
    sexual aggression asked PICKELS to intervene, PICKELS did nothing.

18. Defendant PICKELS did not promulgate or implement policies to safeguard inmates from
    sexual abuse at the jail, nor did PICKELS take effective action, as Defendant BAKER'S
    superior officer, to discipline or otherwise restrain Defendant BAKER and in failing to take
    effective action indicated a deliberate disregard for the safety and well-being of Plaintiff
    CASSANDRA COLLINS or any other young woman who might fall under Defendant
    BAKER'S control. Specifically, PICKELS failed to implement procedures for safe
    transportation of inmates vulnerable to sexual abuse and failed to implement or promulgate
    policies for training, reporting, or discipline relating to sexual aggression.

19. Defendant WOODHAM, Gadsden County Sheriff, knew Defendant BAKER'S reputation for
    sexual aggression toward women because it was reported to him by one or more persons and,
    since BAKER'S harassing and assaultive behavior toward young female corrections officers
    was generally well known at the Gadsden County Jail. Although other victims of Defendant
    BAKER's sexual aggression asked WOODHAM to intervene, WOODHAM did nothing.

20. Defendant WOODHAM did not take effective action, as the Sheriff of Gadsden County,
    Defendant BAKER'S employer, to discipline or otherwise restrain Defendant BAKER and in
    failing to take effective action indicated a deliberate disregard for the safety and well-being of

5

Plaintiff CASSANDRA COLLINS or any other young woman who might fall under Defendant BAKER'S control. Specifically, WOODHAM failed to implement procedures for safe transportation of inmates vulnerable to sexual abuse and failed to implement or promulgate policies for training, reporting, or discipline relating to sexual aggression.

21. The policies of Defendants WOODHAM, as Sheriff of Gadsden County, and PICKELS, as Jail Administrator, in administering the Gadsden County Jail contributed to the extortion and rape of Plaintiff CASSANDRA COLLINS by failure to enact policies that held jail officers accountable for their actions, by failing to properly document and supervise its furlough program, by failing to require officers to report and document movements of jail inmates, and by failing to enact and enforce policies that respond to complaints of gender-based aggression and violence.

## CLAIMS FOR RELIEF

### COUNT I:  CIVIL RIGHTS REMEDIES FOR GENDER-MOTIVATED VIOLENCE ACT, 42 U.S.C. § 13981

22. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

23. Defendants WOODHAM, PICKELS, and BAKER committed wrongful acts which include acts that violate Plaintiff COLLINS' right to be free from crimes of violence motivated by gender within the meaning of 42 U.S.C. § 13981.

24. The attempted oral rape of COLLINS by BAKER in the Madry Funeral Home parking lot constitutes the felony of attempted sexual battery under the laws of Florida.

6

25. The vaginal rape of COLLINS by BAKER in his patrol car constitutes the felony of sexual battery under Florida law.

26. The physical restraint and confinement of COLLINS by BAKER on the two foregoing occasions and on other occasions described herein constitute the felony of false imprisonment under the laws of Florida.

27. Defendant BAKER would not have raped or attempted to rape Plaintiff COLLINS but for the fact that she is a female; nor would he have restrained and confined her for the purpose of perpetrating sexual acts upon her but for the fact that she is a female.

28. The aforesaid acts of violence against COLLINS by BAKER were motivated by her gender.

29. The aforesaid acts of violence against COLLINS by BAKER are attributable to Defendants WOODHAM and PICKELS as well as to BAKER.

30. BAKER could not have accomplished the acts of violence he committed against COLLINS but for his use of the authority and position delegated to him by WOODHAM and PICKELS.

31. The foregoing actions of Defendants WOODHAM, PICKELS, and BAKER, were willful, wanton and in reckless disregard of Plaintiff COLLINS' rights.

32. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

33. Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

34. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against Defendant WOODHAM as Sheriff of Gadsden County and the BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## COUNT II: EXCESSIVE FORCE (FOURTH AMENDMENT)

35. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

36. Defendant BAKER committed battery against Plaintiff CASSANDRA COLLINS on December 24, 1995, without consent or lawful authority, by fondling her body and pulling at her clothing in violation of the Fourth and Fourteenth Amendments.

37. Defendant BAKER committed battery against Plaintiff CASSANDRA COLLINS on or about January 19, 1996, without consent or lawful authority, by fondling her body and pulling at her clothing, and raping her in violation of the Fourth and Fourteenth Amendments.

38. Defendant BAKER intended to cause this harmful and offensive contact with Plaintiff CASSANDRA COLLINS in that the fondling and other harmful acts were deliberate and in that BAKER threatened CASSANDRA COLLINS in the course of the harmful acts and the acts of Defendant BAKER were substantially certain to result in harm and offense.

39. Defendant BAKER exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

40. All Defendants are persons under applicable law.

41. Defendant BAKER misused his power, possessed by virtue of state law and made possible only because Defendant BAKER was clothed with the authority of state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

42. Defendant Gadsden County Sheriff WOODHAM and Defendant PICKELS, having had prior notice of similar wrongful conduct by Defendant BAKER, intentionally furthered BAKER'S ability to sexually assault her and were therefore responsible for his continuing sexual abuse of COLLINS or exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant BAKER to prevent such harm.

43. The foregoing actions of Defendants WOODHAM, PICKELS, and BAKER, were willful, wanton and in reckless disregard of Plaintiff COLLINS' rights.

44. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

45. Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

46. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against Defendant WOODHAM as Sheriff of Gadsden County and the BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

COUNT III: CRUEL AND UNUSUAL PUNISHMENT (EIGHTH AMENDMENT)

47. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

48. Defendant BAKER committed battery against Plaintiff CASSANDRA COLLINS on December 24, 1995, without consent or lawful authority, by fondling her body and pulling at her clothing in violation of the Fourth and Fourteenth Amendments.

49. Defendant BAKER committed battery against Plaintiff CASSANDRA COLLINS on or about January 19, 1996, without consent or lawful authority, by fondling her body and pulling at her clothing, and raping her in violation of the Eighth and Fourteenth Amendments.

50. Defendant BAKER intended to cause this harmful and offensive contact with Plaintiff CASSANDRA COLLINS in that the fondling and other harmful acts were deliberate and in that BAKER threatened CASSANDRA COLLINS in the course of the harmful acts and the acts of Defendant BAKER were substantially certain to result in harm and offense.

51. Defendant BAKER exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

52. All Defendants are persons under applicable law.

53. Defendant BAKER misused his power, possessed by virtue of state law and made possible only because Defendant BAKER was clothed with the authority of state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

54. Defendant Gadsden County Sheriff WOODHAM and Defendant PICKELS, having had prior notice of similar wrongful conduct by Defendant BAKER, intentionally furthered BAKER'S

ability to sexually assault her and were therefore responsible for his continuing sexual abuse of COLLINS or exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant BAKER to prevent such harm.

55. The foregoing actions of Defendants WOODHAM, PICKELS, and BAKER, were willful, wanton and in reckless disregard of Plaintiff COLLINS' rights.

56. Severe and repetitive sexual abuse of an inmate is not part of the penalty that criminal offenders pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment in violation of the Eighth Amendment.

57. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

58. Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

59. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against Defendant WOODHAM as Sheriff of Gadsden County and the BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## COUNT IV: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

60. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

61. In extracting the payment of money from Plaintiff CASSANDRA COLLINS in return for granting COLLINS the freedom to care for her two daughters, Defendant BAKER violated Plaintiff's Fourteenth Amendment right against deprivation of property without due process.

62. All Defendants are persons under applicable law.

63. Defendant BAKER misused his power, possessed by virtue of state law and made possible only because Defendant BAKER was clothed with the authority of state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

64. Defendant Gadsden County Sheriff WOODHAM and Defendant Jail Administrator PICKELS, having had prior notice of similar wrongful conduct by Defendant BAKER, exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant BAKER to prevent such harm.

65. In promulgating policies which permitted or encouraged or permitted the cover-up of such actions by its officers, Defendant WOODHAM, as Sheriff of Gadsden County, contributed to the constitutional violation of Plaintiff CASSANDRA COLLINS.

66. The foregoing actions of Defendants WOODHAM, PICKELS, and BAKER, were willful, wanton and in reckless disregard of Plaintiff COLLINS' rights.

67. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

68. Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

69. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against Defendant WOODHAM as Sheriff of Gadsden County and the BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## COUNT V:  DENIAL OF EQUAL PROTECTION (14TH AMENDMENT)

70. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

71. Defendant BAKER, by the foregoing actions practiced discrimination and harassment against Plaintiff CASSANDRA COLLINS based upon her sex in violation of the Fourteenth Amendment to the U.S. Constitution.

72. All Defendants are persons under applicable law.

73. Plaintiff CASSANDRA COLLINS is a woman and is therefore a member of a protected class within the meaning of applicable law.

74. Defendant BAKER misused his power, possessed by virtue of state law and made possible only because Defendant BAKER was clothed with the authority of state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

75. Defendant Gadsden County Sheriff WOODHAM and Defendant Jail Administrator PICKELS, having had prior notice of similar wrongful conduct by Defendant BAKER, exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant BAKER to prevent such harm.

76. In promulgating policies which permitted or encouraged or permitted the cover-up of such actions by its officers, Defendant WOODHAM, as Sheriff of Gadsden County, contributed to the constitutional violation of Plaintiff CASSANDRA COLLINS.

77. The foregoing actions of Defendants WOODHAM, PICKELS, and BAKER, were willful, wanton and in reckless disregard of Plaintiff COLLINS' rights.

78. The disparate treatment, discrimination, and harassment described herein was based on Plaintiff COLLINS' sex and she was negatively affected thereby.

79. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

80. Based on the willful and malicious conduct of Defendant BAKER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant BAKER.

81. Plaintiff CASSANDRA COLLINS has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees

against Defendant WOODHAM as Sheriff of Gadsden County and the BOARD OF

COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## COUNT VI: ASSAULT

82. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and

further alleges as follows:

83. Defendant BAKER committed assault against Plaintiff CASSANDRA COLLINS on

December 24, 1995 and on or about January 19, 1996, by making demands for sexual acts and

displaying his handgun in a pointed way, and in threatening COLLINS.

84. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS

sustained economic damages, including lost income, sustained emotional pain, anguish,

humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of

Defendants' actions, and is therefore entitled to compensatory damages.

85. Based on the willful and malicious conduct of Defendant BAKER, as is set out herein,

Plaintiff is entitled to a substantial award of punitive damages against Defendant BAKER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees

against Defendant BAKER.

## COUNT VII: BATTERY

86. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and

further alleges as follows:

87. In forcibly seizing, threatening, and fondling the body of Plaintiff CASSANDRA COLLINS on December 24, 1995, Defendant BAKER committed battery against COLLINS.

88. In forcibly seizing, threatening, and raping Plaintiff CASSANDRA COLLINS on or about January 19, 1996, Defendant BAKER committed battery against COLLINS.

89. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

90. Based on the willful and malicious conduct of Defendant BAKER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant BAKER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant BAKER.

## COUNT VIII:  FALSE IMPRISONMENT

91. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

92. Defendant BAKER committed wrongful actions on December 24, 1995 and on or about January 19, 1996, including the physical confinement and restraint of Plaintiff COLLINS against her will and without lawful purpose or justification.

93. The foregoing actions of BAKER were willful, wanton and in reckless disregard of COLLINS' rights.

94. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

95. Based on the willful and malicious conduct of Defendant BAKER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant BAKER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant BAKER.

COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

97. Defendant BAKER, by the conduct described herein, including the victimization of a person in Defendant BAKER'S charge, the threats against the Plaintiff at the time of the fondling and the rape while displaying a firearm, the demand for sexual favors and actual physical rape of a helpless person within Defendants' control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

98. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff COLLINS sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

99. Based on the willful and malicious conduct of Defendant BAKER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant BAKER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant BAKER.

## COUNT X:  NEGLIGENT SUPERVISION AND RETENTION

100.   Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count, and further alleges as follows:

101.   Defendant WOODHAM breached his duty, as Sheriff, to supervise BAKER in order to prevent and to stop his actions constituting violations of Plaintiff's rights under Florida and federal law. Defendant PICKELS breached his duty, as Jail Administrator, to supervise BAKER in order to prevent and to stop his actions constituting violations of Plaintiff's rights under Florida and federal law.

102.   Defendants WOODHAM and PICKELS knew or should have known of the actions, omissions, and derelictions of BAKER.

103.   Defendant WOODHAM and PICKELS breached their duty to terminate the employment of Defendant BAKER.

104.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff

COLLINS sustained economic damages, including lost income, sustained emotional pain,

anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of

Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above

provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants WOODHAM,

PICKELS and BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## COUNT XI:  NEGLIGENT FORMULATION AND ENFORCEMENT OF POLICIES AND PROCEDURES

105.    Plaintiff re-alleges paragraphs 1-20 above, incorporates those allegations in this Count,

and further alleges as follows:

106.    Defendants WOODHAM and PICKELS breached their duty to formulate and promulgate

adequate policies and procedures regarding sexual aggression as required by law.

107.    Defendants WOODHAM and PICKELS breached their duty to enforce such other policies

and procedures as may have been in place at the times material hereto.

108.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff

COLLINS sustained economic damages, including lost income, sustained emotional pain,

anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of

Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above

provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants WOODHAM,

PICKELS and BOARD OF COUNTY COMMISSIONERS OF GADSDEN COUNTY.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. that process issue and this Court take jurisdiction over this case;

B. judgment against the Defendants and for the Plaintiff awarding compensatory damages against

   Defendants and punitive damages against Defendants in their individual capacities for the

   Defendants' violations of law enumerated herein;

C. prejudgment interest on monetary recovery obtained pursuant to federal law;

D. judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable

   attorneys' fees and costs; and

E. such further relief as is equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury on all issues so triable.

Respectfully Submitted,


RICHARD E. JOHNSON
Florida Bar Number 0858323
314 West Jefferson Street
Tallahassee, Florida  32301
(850) 425-1997; 561-0836 fax


JAMES V. COOK
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

Counsel for Plaintiff

23